UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LESLY JEAN-PHILIPPE,

    Petitioner,

v.                                        Case No. 3:20-cv-789-MMH-LLL

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.
_____

## ORDER

### I. Status

Petitioner Lesly Jean-Philippe, an inmate of the Florida penal system, initiated this action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1).[1] He proceeds on a Second Amended Petition (Doc. 7) with attachments (Docs. 7-1 through 7-2). In the Second Amended Petition, Jean-Philippe challenges a 2011 state court (Duval County, Florida) judgment of conviction for first-degree murder and aggravated battery. He raises three grounds for relief. See Second Amended Petition at 8-23. Respondents have submitted a memorandum, arguing that the action is

---

[1] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

untimely filed. See Motion to Dismiss as Untimely and Incorporated Memorandum of Law (Response; Doc. 9). They also submitted exhibits. See Docs. 9-1 through 9-10. Jean-Philippe filed a brief in reply.[2] See Reply (Doc. 12). This action is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing

---

[2] Jean-Philippe asks the Court to strike the Response, see Reply at 3, and requests entry of "a judgment of default based on Respondent[s'] willful disobedience, fraud, deceit, and misrepresentations," id. at 4. The inclusion of these requests for affirmative relief in the Reply, rather than filing a motion, is improper. See Fed. R. Civ. P. 7(b)(1). Accordingly, Jean-Philippe's requests are not properly before the Court and will not be considered.

2

>by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. The Mailbox Rule

Respondents contend that Jean-Philippe has not complied with the one-year limitations period set forth in § 2244(d). See Response at 1. According to Respondents, Jean-Philippe's Petition was not filed until July 14, 2020, when it was "receive[d]" by the Court. See Response at 5-6. However, Jean-Philippe argues that, pursuant to the mailbox rule, he timely filed the Petition on June

8, 2020, the day he signed it.[3] Reply at 2. Because the Petition's filing date is determinative of the timeliness analysis, the Court will first determine whether the mailbox rule applies in this case.

Because a prisoner proceeding pro se has no control over the mailing of a pleading, courts deem a pleading filed at the time the prisoner delivers it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 270-72 (1988). "Under the mailbox rule, the burden is on prison authorities to prove the date a prisoner delivered his documents to be mailed." Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). And absent evidence to the contrary (such as prison logs or other records), a pleading is deemed delivered to prison authorities for mailing on the day the prisoner signed it. Id. In accordance with the mailbox rule, Rule 3(d) of the Rules Governing Section 2254 Cases provides:

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

---

[3] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).

Respondents argue that the Court should not apply the mailbox rule to the Petition, and instead should consider "the date the Court received the paper," July 14, 2020, as the filing date. Response at 6. According to Respondents, Hamilton Correctional Institution (Hamilton CI) has a system designed for legal mail "and the date a paper is deposited is demonstrated by a stamp that has the institution's name, the date the paper was deposited and a space for a prison official's initials." Id. Respondents assert that because the Petition does not include a stamp from Hamilton CI, Jean-Philippe failed to use the legal mail system, and the mailbox rule does not apply. See id. at 5-6. In reply, Jean-Philippe argues that he filed the Petition on June 8, 2020, when he signed the Petition, and the Court should apply the mailbox rule using that date. Reply at 1-2.

Considering the record, the Court determines Jean-Philippe is entitled to the benefit of the mailbox rule. On the Petition, Jean-Philippe wrote June 8, 2020, next to his signature. Petition at 22, 24. Although the Petition was docketed in this case on July 14, 2020, Jean-Philippe initially filed the Petition as an exhibit to a "Motion to Enlarge Time to Re-file 2254 Petition" (Motion to Enlarge) in Case No. 3:18-cv-404-MMH-JBT.[4] The Motion to

---

[4] The Court takes judicial notice of Case No. 3:18-cv-404-MMH-JBT.

5

Enlarge does not contain a prison mail stamp from Hamilton CI, but it contains a certificate of service stating that "this motion and attached petition ha[ve] been furnished to this court by US registered/certified mail in accord with the mailbox rule" and signed on June 8, 2020. Case No. 3:18-cv-404-MMH-JBT, Doc. 29 at 7. The Clerk received and docketed the Motion to Enlarge with the attached Petition on June 10, 2020. Id. On July 14, 2020, the Court granted Jean-Philippe's Motion to Enlarge only to the extent that it directed the Clerk to open a new habeas case and file the Petition in that case. Case No. 3:18-cv-404-MMH-JBT, Doc. 30 at 1.[5] The Clerk then filed the Petition in this action. As such, the facts support a finding that Jean-Philippe handed the Petition to prison authorities on June 8, 2020, the date he signed the Petition.

Although Respondents contend that Jean-Philippe is not entitled to the benefit of the mailbox rule because he failed to use the Hamilton CI legal mail system, their argument is unavailing. In the Motion to Enlarge, Jean-Philippe certified that he deposited his pleadings consistent with the mailbox rule.

---

[5] The docket entry for the Petition in this case references Case No. 3:18-cv-404-MMH-JBT, and Respondents' counsel of record received a copy of the Court's July 14 Order. Nevertheless, Respondents fail to address the fact that Jean-Philippe initially filed the Petition as an exhibit to the Motion to Enlarge docketed on June 10, 2020; instead, they argue the Court "did not receive the Petition until July 14, 2020." Response at 5. This assertion simply ignores the earlier filing date.

6

Case No. 3:18-cv-404-MMH-JBT, Doc. 29 at 7. Further, the mailing envelope contains a return address for Jean-Philippe at Hamilton CI. Case No. 3:18-cv-404-MMH-JBT, Doc. 29-2. Without evidence to the contrary, the Court presumes that Jean-Philippe used the legal mail system. "In explaining why the Government bears the burden of proof, the Supreme Court has noted that prisons 'have well-developed procedures for recording the date and time at which they receive papers for mailing and [ ] can readily dispute a prisoner's assertions that he delivered the paper on a different date.'" Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014) (quoting Houston, 487 U.S. at 275) (alteration in original). Beyond citing to other pleadings from Jean-Philippe that contain the stamp from Hamilton CI, Respondents offer no evidence, such as declarations or prison logs, to contradict his assertions. The information before the Court supports the conclusion that Jean-Philippe handed the Petition to prison authorities on June 8, 2020, if not earlier given the undisputed fact that the Court received it on June 10, 2020. As such, Jean-Philippe is entitled to the benefit of the mailbox rule, and the Court finds the Petition was filed on June 8, 2020.

## IV. Timeliness

The following procedural history is relevant to the one-year limitations issue. In 2011, a jury convicted Jean-Philippe of first-degree murder and aggravated battery. Response at 1; Doc. 9-1 at 2. Following the jury's unanimous recommendation, the circuit court sentenced Jean-Philippe to death. Doc. 9-1 at 2. On June 13, 2013, the Florida Supreme Court affirmed Jean-Philippe's conviction and sentence. Id. at 2-28. Jean-Philippe filed with the state court a motion for postconviction relief under Florida Rule Criminal Procedure 3.851, and prior to the state court's ruling, the parties stipulated that Jean-Philippe would waive all claims raised in his Rule 3.851 Motion concerning the guilt phase of his trial, and would be resentenced to life in prison. Doc. 9-2 at 1. On November 9, 2017, the circuit court resentenced Jean-Philippe to a term of life in prison. Doc. 9-3 at 1-5. Under Florida law, Jean-Philippe had thirty days from the date of rendition of the written order imposing his sentence to file a direct appeal of his new judgment and sentence. See Fla. R. App. P. 9.140(b)(3). Jean-Philippe did not appeal the new judgment

and sentence, and therefore, his conviction and sentence became final on Monday, December 11, 2017.[6]

The one-year limitations period began to run the next day, December 12, 2017, and ran for 324 days until it was tolled on November 1, 2018, when Jean-Philippe filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Doc. 9-4 at 1-36. The state court denied relief. Response at 2. The First District Court of Appeal (First DCA) per curiam affirmed the state court's denial on March 31, 2020, Doc. 9-5 at 1, and issued the mandate on April 28, 2020, Doc. 9-7 at 1.

While represented by counsel, Jean-Philippe filed a pro se motion for rehearing on April 30, 2020. Doc. 9-6 at 7-14. That same day, counsel filed a motion requesting to withdraw and asking the First DCA to grant a thirty-day extension of time for Jean-Philippe to file a pro se motion for rehearing. Id. at 5-6. On May 5, 2020, the First DCA granted defense counsel's motion to withdraw but denied all other relief requested in the motion, id. at 15, and on May 7, 2020, the First DCA struck Jean-Philippe's motion for rehearing as unauthorized, id. at 16. The running of the one-year limitations period

---

[6] The thirtieth day fell on Saturday, December 9, 2017, thus Jean-Philippe had until Monday, December 11, 2017, to file a notice of appeal. See Fed. R. Civ. P. 6(a)(1)(C).

9

resumed the next day, May 8, 2020,[7] and ran for thirty-one days until Jean-Philippe filed the Petition on June 8, 2020, with ten days left. On these facts, the Petition is timely filed, and Respondents' Motion is due to be denied.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' Motion to Dismiss (Doc. 9) is **DENIED**.

2. Respondents must file a response to the Second Amended Petition (Doc. 7) addressing the merits of Jean-Philippe's claims by **September 18, 2023**.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of August, 2023.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 8/8
c:   Lesly Jean-Philippe, #J44119
     Counsel of record

---

[7] The parties fail to make any arguments concerning whether the motion for rehearing tolled the one-year limitations period. Nevertheless, such a determination is not essential because even if it did not toll the period, the Petition would still be timely. The Court assumes for purposes of this order that the motion for rehearing tolled the period.