UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LESLY JEAN-PHILIPPE,

    Petitioner,

v.                                  Case No. 3:20-cv-789-MMH-LLL

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.

## ORDER

Petitioner Lesly Jean-Philippe, an inmate of the Florida penal system, initiated this action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1). He subsequently filed a Second Amended Petition (Doc. 7). On January 8, 2024, the Court denied the Second Amended Petition and dismissed the action with prejudice. See Order (Doc. 22). Before the Court is Jean-Philippe's Motion for Reconsideration to Alter or Amend Judgment (Motion; Doc. 24), filed on February 8, 2024.[1] In the Motion, Jean-Philippe asks the Court to reconsider its denial of the Second Amended Petition

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).

1

pursuant to Rules 59(e) and/or 60(b)(6) of the Federal Rules of Civil Procedure (Rule(s)). See Motion at 1-5.

A motion to alter or amend a judgment pursuant to Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). In contrast, a Rule 60(b) motion "must be made within a reasonable time," and when based on certain grounds, "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Here, because Jean-Philippe did not file the Motion within 28 days of the entry of judgment on January 9, 2024, the Court will consider the Motion solely under Rule 60(b).

Rule 60 of the Federal Rules of Civil Procedure "provides a limited basis for a party to seek relief from a final judgment in a civil case." Woodson v. Sec'y, Dep't of Corr., 2022 WL 1234728, at *1 (11th Cir. Apr. 27, 2022). Rule 60(b) provides in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by

2

>    an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

See Fed. R. Civ. P. 60(b). Jean-Philippe filed the Motion under Rule 60(b)(6), the catchall provision of Rule 60(b). See Motion at 1.

As a threshold matter, this Court must determine whether it has jurisdiction to rule on the Motion. See Woodson, 2022 WL 1234728, at *1. After a prisoner pursues one petition for federal habeas corpus relief, Congress has acted — in the interest of ending repetitive habeas filings by convicted prisoners — to require, as a jurisdictional matter, that an applicant filing a second or successive habeas petition first must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). In 2005, the United States Supreme Court held that district courts have jurisdiction to consider Rule 60(b) motions in habeas corpus proceedings if the Rule 60 motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (footnote omitted). The Court stated:

>    We hold that a Rule 60(b)(6) motion in a § 2254 case

3

> is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction. A motion that, like petitioner's, challenges only the District Court's failure to reach the merits does not warrant such treatment, and can therefore be ruled upon by the District Court without precertification by the Court of Appeals pursuant to § 2244(b)(3).

Id. at 538. Thus, when a Rule 60(b) motion "asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar," it is not on the merits and can properly be considered under Rule 60(b). Id. at 532 n.4; see Lathers v. Warden, 2022 WL 16835534, at *2 (11th Cir. Nov. 9, 2022) ("Thus, a Rule 60(b) motion would be proper, for example, if it (1) asserts that a federal court's previous habeas ruling that precluded a merits determination (i.e., a procedural ruling such as a failure to exhaust, a procedural bar, or a statute-of-limitations bar) was in error; or (2) attacks a defect in the federal habeas proceeding's integrity, such as a fraud upon the federal habeas court.").

Here, Jean-Philippe attacks the validity of his convictions by once again arguing, as he did in the Second Amended Petition, that he is actually and factually innocent of first-degree premeditated murder. See Motion at 4. Additionally, Jean-Philippe argues that the Court improperly relied on unpublished decisions in its merits determination. See id. These arguments

4

are in substance a second or successive § 2254 motion. See Padilla v. Smith, 53 F.4th 1303, 1317 n.41 (11th Cir. 2022) ("When a Rule 60 motion attacks the substance of the federal court's resolution of a petition's claim on the merits, as opposed to a defect in the integrity of the habeas proceeding, it is not truly a Rule 60 motion — it is a successive habeas petition."). Jean-Philippe does not contend that he obtained permission from the Eleventh Circuit Court of Appeals to file a second or successive habeas petition. Therefore, as to the above arguments, the Court concludes that the Motion is due to be dismissed for lack of jurisdiction.

Jean-Philippe also argues in the Motion that the Court erred in finding that his claims in Grounds One and Two of the Second Amended Petition were procedurally barred. See Motion as 1-3. Because this argument challenges a procedural ruling, the Court finds that Jean-Philippe is raising a true Rule 60(b) issue rather than a successive § 2254 issue. Even if this argument is allowed to proceed, it neither has merit, nor offers any basis for relief. The Eleventh Circuit has set forth the standard of review under Rule 60(b)(6):

> Relief from "judgment under Rule 60(b)(6) is an extraordinary remedy." Booker v. Singletary, 90 F.3d 440, 442 (11th Cir. 1996) (citing Ritter v. Smith, 811 F.2d 1398, 1400 (11th Cir. 1987)). Consequently, relief under Rule 60(b)(6) requires showing "'extraordinary circumstances' justifying the reopening of a final judgment." Gonzalez v. Crosby, 545 U.S. 524, 535, 125 S.Ct. 2641, 2649, 162 L.Ed.2d 480 (2005) (quoting Ackermann v. United States, 340 U.S. 193, 199, 71

5

>   S.Ct. 209, 212, 95 L.Ed. 207 (1950)). "Even then, whether to grant the requested relief is . . . a matter for the district court's sound discretion." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1317 (11th Cir. 2000) (quoting Booker, 90 F.3d at 442).

Arthur v. Thomas, 739 F.3d 611, 628 (11th Cir. 2014). Notably, in Gonzalez, the Supreme Court admonished that extraordinary circumstances warranting the reopening of a judgment "will rarely occur in the habeas context." 545 U.S. at 535. Jean-Philippe has failed to demonstrate any extraordinary circumstances that justify the reopening of final judgment. Moreover, the Court determined that even if the claims in Grounds One and Two were not procedurally barred, they lack merit and Jean-Philippe still would not be entitled to federal habeas relief. See Order (Doc. 22) at 21-31. Thus, the Motion presents no basis upon which Rule 60(b)(6) relief from the Court's judgment would be warranted.

Accordingly, it is now

**ORDERED**:

1. Jean-Philippe's Motion for Reconsideration to Alter or Amend Judgment (Doc. 24) is **DISMISSED**.

2. If Jean-Philippe appeals the Court's ruling with respect to his argument that the Court erred in its procedural ruling on Grounds One and

Two, the Court denies a certificate of appealability.[2] The Court does not decide whether Jean-Philippe is entitled to a certificate of appealability or to proceed in forma pauperis with respect to his arguments related to the Court's prior merits determination because the Court lacks jurisdiction to do so. See Williams v. Chatman, 510 F.3d 1290, 1294 (11th Cir. 2007) ("Where a district court lacks subject matter jurisdiction over a Rule 60(b) motion, however, it also lacks jurisdiction to grant a COA.").

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of May, 2024.

MARCIA MORALES HOWARD
United States District Judge

Jax-10 04/30
C:   Lesly Jean-Philippe, #J44119
     Counsel of record

---

[2] The Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Jean-Philippe "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 84 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, if Jean-Philippe seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted.

7